IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 97-31025
USDC No. 97-CV-1269

---

REINIER NESLO,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary;
RICHARD P. IEYOUB, Attorney General,
State of Louisiana,

Respondents-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
---------------------
August 10, 1998

Before JONES, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Reinier Neslo, Louisiana prisoner # 95210, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application without prejudice for failure to exhaust state remedies based on the pendency of two state writ applications. Neslo objected in the district court to the dismissal of his application and suggested that he be allowed to delete his unexhausted claims and proceed with the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exhausted claims.  Neslo argues in his request for a COA that the district court erred in refusing to allow him to proceed on the exhausted claims because the dismissal was not without prejudice due to the operation of the statute of limitations.

District courts must dismiss mixed habeas corpus petitions containing both unexhausted and exhausted claims.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  Prisoners who submit mixed petitions are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims.  Id. at 520.  The AEDPA's limitations period began to run on April 24, 1996, and was tolled from October 11, 1996, to September 19, 1997, while Neslo's state habeas proceedings were pending.  The one-year period expired in March 1998.  If this court were to affirm the district court's dismissal of Neslo's mixed petition now, it would effectively be with prejudice to refiling under the AEDPA's statute of limitations.  The district court abused its discretion in dismissing Neslo's § 2254 application without allowing to him proceed as requested on his exhausted claims in light of the statute of limitations.  Brewer v. Johnson, 139 F.3d 491, 492-93 (5th Cir. 1998).

A COA is hereby GRANTED, the judgment is VACATED, and the case is REMANDED to the district court.  If all claims are now exhausted, the district court is directed to consider all claims. If all claims have not been exhausted, the district court shall allow Nelso to delete any unexhausted claims from his petition.

Neslo's motion for an appeal property bond, construed as a request for release pending appeal, is DENIED. Neslo's motion for appointment of counsel is also DENIED. His motion for IFP is DENIED AS MOOT.

GRANT COA, VACATE AND REMAND; DENY MOTIONS FOR PROPERTY BOND, IFP, AND APPOINTMENT OF COUNSEL.